88  25
f102  162

HERBERT P. HIGGINS v. MILLARD L. HAMOR.

Hancock.    Opinion May 16, 1895.

*Way.  Record.  Jurisdiction.  R. S., c. 18, §§ 14-19.*

However faulty the record of county commissioners' proceedings in laying out a town way, if it can be reasonably inferred from the record, (1,) that a petition was presented to the municipal officers by one or more inhabitants of the town, or by one or more owners of cultivated land therein, asking for the laying out of the way; (2,) that the municipal officers neglected or refused to lay it out; and (3,) that some of the same petitioners within one year thereafter, presented to the county commissioners at a regular session a petition stating the above facts, and alleging that the neglect or refusal of the municipal officers, was unreasonable, the record is a sufficient basis for the procedure of the commissioners, as against collateral attack.

*Held*; that from the record in this case, the above jurisdictional facts can be reasonably inferred.

ON REPORT.

This was an action of trespass quare clausum for building a sidewalk over the plaintiff's land alleged to be outside the limits of the street.

It was admitted that the plaintiff is the owner of the land over which the sidewalk was built, and that the defendant, as road commissioner, built the sidewalk.

It was admitted that, at the date of the alleged trespass, the defendant, was a duly elected and qualified road commissioner and was acting as such within the scope of his authority and within the location of the way as laid out by the county commissioners: but it was denied that such location is valid or any justification for the defendant in the premises.

Defendant offered a record of the county commissioners locating the way, which was admitted by the court, subject to all legal objections.

Thereupon, the case was withdrawn from the jury and reported to the law court with the stipulation that, if the records introduced show the existence of a way sufficient to justify the defendant in making a sidewalk within the limits described therein, judgment should be entered for the defendant, other-

wise the action is to stand for trial upon the other defenses set up in the defendant's brief statement.

(Record of County Commissioners.)

"State of Maine. Hancock: At the Court of County Commissioners begun and held at Ellsworth, within and for the County of Hancock, on the Fourth Tuesday of January, it being the twenty-seventh day of said month, A. D., 1880.

"Present: William L. Guptill, Esquire, Chairman. John Hopkins, Esquire, Associate. Newell Coolidge, Esquire, Associate. H. B. Saunders, Clerk.

"Isaac B. Desisle *et als.* Pet. for Road in Eden, at Bar Harbor.

"Respectfully represent, Isaac B. Desisle and seven others, inhabitants of the town of Eden, that a town way, beginning at or near a Balm of Gilead nearly in front and Easterly from the 'Grand Central,' and running Northerly to the Southern line of Tobias Roberts' land near his cottage in said town, would be of great public convenience for the use of said town: Wherefore your petitioners pray that the same may be duly laid out as by the statute is provided.

"Dated at Eden this twenty-sixth day of July, A. D., 1879.

"This petition was entered at the April Term, 1879, when and where it was considered by the commissioners that the petitioners were responsible and that they ought to be heard touching the matter set forth in their petition, and therefore order: That the commissioners meet at Isaac B. Desisle's on Tuesday, the twenty-third day of September next, at nine of the clock in the forenoon, and thence proceed to view the route mentioned in said petition; immediately after which view a hearing of the parties and witnesses will be had at some convenient place in the vicinity, and such other measures taken in the premises as the commissioners shall judge proper. And it is further ordered that notice of the time, place and purpose of the commissioners' meeting aforesaid, be given to all persons and corporations interested, by serving an attested copy of this petition and this order thereon upon the clerk of the town of Eden and by posting up attested copies as aforesaid in three public places in said

town thirty days at least before the time appointed for said view and also by publishing the petition and this order thereon three weeks successively in the Ellsworth American, a public newspaper published in Ellsworth, in the County of Hancock, the first publication to be thirty days at least before the time of said view, that they may then and there attend and be heard if they think fit."

The petition was then continued to the October Term, 1879, when and where the commissioners appeared and presented in court their report in the words following, to wit:

"State of Maine.   Hancock, ss.   Whereas, Isaac B. Desisle and seven others, inhabitants of the town of Eden, by their petition made to the court of county commissioners at their regular sessions holden at Ellsworth, within and for said County, on the first Tuesday of July (April adjourned term), A. D., 1879, represent: That a town way, beginning at or near a Balm Gilead nearly in front and Easterly of the 'Grand Central' and running northerly to the Southern line of Tobias Roberts' land, near his cottage at Bar Harbor, in the town of Eden, would be of great public convenience, that the selectmen of said town after notice and hearing of parties have unreasonably refused to lay out such way.   Wherefore, your petitioners considering themselves aggrieved by such refusal pray that your Honors would agreeably to law in such cases, made and provided, view the route and locate said road if in your judgment the public convenience and necessity require it, and as in duty bound will ever pray.

"Dated at Bar Harbor, in the town of Eden, this fourth day of August, A. D., 1879.

"And whereas at the April adjourned term of said Court, A. D., 1879, it was considered by the commissioners that the petitioners were responsible and that they ought to be heard touching the matter set forth in their petition, and therefore order "that the commissioners meet at Isaac B. Desisle's on Tuesday, the twenty-third day of September next, at nine o'clock in the forenoon, and thence proceed to view the route mentioned in said petition; immediately after which view a hearing of the parties and witnesses will be had at some convenient place in the vicin-

ity, and such measures taken in the premises as the commissioners shall judge proper.

"And it is further ordered : That notice of the time, place and purpose of the commissioners' meeting aforesaid be given to all persons and corporations interested, by serving an attested copy of the petition, and this order thereon upon the clerk of the town of Eden and by posting up attested copies as aforesaid in three public places in said town thirty days at least before the time appointed for said view, and also by publishing the petition and this order thereon three weeks successively in the Ellsworth American, a public newspaper published in Ellsworth, in the County of Hancock, the first publication to be thirty days before the time of said view that they may then and there attend and be heard if they think fit.

"In accordance with the foregoing order the undersigned met at the time and place and for the purpose above specified and it appearing that notice had been given agreeably to said order, by serving an attested copy of the petition and order of court thereon upon the clerk of the town of Eden, and by posting up attested copies of the same in three public places in said town thirty days at least before the time appointed for said view, and also by publishing an attested copy of the petition and order three weeks successively, in the Ellsworth American, a public newspaper published in Ellsworth, in the County of Hancock, the first publication being thirty days at least before the time appointed for said view ; proceeded to view the route set forth in said petition, after which view a hearing of the parties and witnesses was had at a convenient place in the vicinity, and after due consideration thereon being had, do adjudge that a road over said route will be of common convenience and necessity.

"Beginning at a Balm of Gilead tree nearly in front and Easterly from the Grand Central Hotel, thence running North 9½ degrees East, 19½ rods to North West corner of R. Sproul's store, thence North 7 degrees East 40 rods to a stake near the North West corner of Tobias Robert's dwelling house. Said line to be Eastern line of said road, and said road to be three rods wide.

"Ellsworth, Oct. 22nd, 1879.

"Which report being seen by the court and due deliberation thereon being had, was accepted by the court, and it was further ordered by the court that the original petition on which the foregoing proceedings are founded be continued to the next regular session of this court, to wit, the January Term, 1880. And now at this term the court order that the proceedings on the original petition be closed.

Attest:                     H. B. Saunders, Clerk."

*W. P. Foster* and *C. H. Wood, A. W. King*, with them, for plaintiff.

The record before the court does not show in and of itself, and without the aid of any inference, that the necessary jurisdictional facts existed to authorize the commencement of the proceedings by the commissioners; and, therefore, the proceedings in laying out the way were void, and afford no justification to the defendant for the acts complained of. *Small* v. *Pennell*, 31 Maine, 267; *Goodwin* v. *Co. Com.* 60 Maine, 328; *Bethel* v. *Co. Com.* 42 Maine, 478; *Hayford* v. *Co. Com.* 78 Maine, 156.

It would appear that the petition, ante p. 28, was addressed to the county commissioners. The record shows that it was upon this petition that notice was given and the action of the commissioners based. But the petition does not state any of the essential jurisdictional facts. If the proceedings of the commissioners were based upon this petition then they are void for want or jurisdiction. The petition referred to on page 28, is not sufficient to give jurisdiction to the commissioners. It does not state that any petition had before been made to the selectmen, by any one. It does not show that the selectmen had unreasonably refused to lay out the way within one year prior to the petition to the commissioners. Both these facts are essential.

It should appear that the petitioners to the commissioners were the same persons, or at least some of the same persons, who had before petitioned the selectmen. There is nothing in

the record to show that it was adjudged by the commissioners that there had been an unreasonable refusal by the selectmen. This is essential. *Pownal* v. *Co. Com.* 8 Maine, 271 ; *State* v. *Pownal,* 10 Maine, 24 ; *Goodwin* v. *Co. Com.* 60 Maine, 328.

The time has passed for the plaintiff to bring certiorari. However defective the doings of the commissioners are, the plaintiff must submit, provided they had jurisdiction. In deciding this question of jurisdiction upon the record presented here the plaintiff should have the benefit of a strict construction of the record.

*L. B. Deasy and J. T. Higgins,* for defendant.

While the county commissioners' record does not in all respects conform to the statute, it at least shows these things : that they, by virtue of a written application made to them setting forth that the selectmen of the town of Eden after notice and hearing of parties had unreasonably refused to lay out the way, gave all and the same notices required by the statute, went on to the ground at the time appointed, heard the parties, laid out the way and made their return describing it, which return was filed and recorded as required by law. There are some omissions and inaccuracies in their return, but these are either entirely unimportant,— mere violations of directory statutes,— or if important are defects that can only be taken advantage of by certiorari. Many of the alleged defects, such as failure to assess damages, to return a plan, to erect monuments, etc., are unimportant. They would not have been fatal even if the plaintiffs had proceeded by petition for writ of certiorari. *Howland* v. *Co. Com.* 49 Maine, 143.

The only defect open to proceedings on certiorari, is the failure on the part of the commissioners to make return of their adjudication that the selectmen had unreasonably refused to lay out the way. The petitioners set out this fact and the commissioners must have so adjudicated ; but the record does not show it. Unless amended this would have been fatal upon certiorari. But this proceeding is an action of trespass against a duly qualified town officer acting under the decree of the court of county commissioners ; and whatever might be said if this decree had

been attacked directly, it cannot be impeached collaterally. In this respect the acts of county commissioners differ from those of selectmen. The selectmen of towns are not a court. Their acts may be attacked collaterally. An officer exercising authority under them must show that their proceedings are correct; but it is otherwise with county commissioners' decrees. *Robbins* v. *Lexington*, 8 Cush. 292; *Old Colony R. R. Co.* v. *Fall River*, 147 Mass. 459, and cases; *Goodwin* v. *Hallowell*, 12 Maine, 271; *Fisk* v. *Briggs*, *Ib.* 376; *White* v. *Co. Com.* 70 Maine, 317.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, JJ.

EMERY, J. The County Commissioners of Hancock County undertook to lay out a town way or street in the town of Eden. They had authority to do this, if (1,) a petition was presented to the municipal officers of Eden by one or more of the inhabitants of the town, or by one or more of the owners of cultivated lands therein, asking them to lay out the way; (2,) the municipal officers neglected or refused to lay it out; and (3,) the petitioners, or some of them, within one year thereafter, presented to the County Commissioners, at a regular session, a petition stating the above facts, and that the neglect or refusal of the municipal officers was unreasonable. R. S., c. 18, §§ 14-19.

The record of the County Commissioners is confused and faulty; but we think it can be reasonably inferred from what record there is,— (1,) that Isaac B. Desisle, and seven others, inhabitants of the town of Eden, on the 26th day of July, 1879, petitioned the municipal officers of Eden to lay out the way; (2,) that the municipal officers neglected or refused; (3,) that the same Isaac B. Desisle and seven others, the original petitioners, on the 4th day of August, 1879, presented to the County Commissioners, at an adjourned session of their regular April, 1879, session, a petition stating that they were inhabitants of the town of Eden; that they had petitioned the municipal officers of Eden to lay out the way; that the municipal officers had unreasonably neglected and refused to do so. From

this point onward the sufficiency of the proceedings to resist collateral attack is not questioned.

No appeal was taken by any person. No one has ever sought to have the proceedings and judgment of the Commissioners quashed by writ of certiorari. It is common knowledge that the way was opened and has become one of the principal streets of Bar Harbor.

Although this record and judgment of the County Commissioners might, perhaps, have given way, if attacked by direct process along the lines of their faults, we think they have sufficient foundation and substance after these years to withstand a collateral attack. *White* v. *County Commissioners*, 70 Maine, 317.

*Judgment for defendant.*